IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Anthony Herron | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | **Judge:** |
| | ) | |
| | ) | **Magistrate:** |
| v. | ) | July Demand Requested |
| | ) | |
| Dynamic Recovery Solutions | ) | |
| 135 Interstate Blvd | ) | |
| Greenville, SC 29615 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through his attorneys, and, for her Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Anthony Herron, brings this action to secure redress from unlawful collection practices engaged in by Defendant, North American Recovery. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692e

3. The Seventh Circuit Court of Appeals in *McMahon vs. LVNV Funding, LLC et al.*, 744 F.3d 1010 (7th Cir. 2014), has stated that "if the debt collector uses language in its dunning letter that would mislead an unsophisticated consumer into believing that the debt is legally enforceable the collector has violated the FDCPA." *Id.* at 1020.

4. Recently, the Seventh Circuit Court of Appeals in *Pantoja vs. Portfolio Recovery Assocs., LLC*, 15-CV-01567, (7th Cir., 2017), stated the

FDCPA "prohibits a debt collector from luring debtors away from the shelter of the statute of limitations without providing an unambiguous warning that an unsophisticated consumer would understand."

5. In that same case: the Seventh Circuit Court of Appeals stated that the warning described in paragraph four, must be "clear, accessible, and unambiguous to the unsophisticated consumer." *Id.*

6. Finally, that same case held: "[S]ilence about that significant risk of losing the protection of the statute of limitations renders Portfolio Recovery's dunning letter misleading and deceptive as a matter of law." *Id.*

## JURISDICTION AND VENUE

7. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

8. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

9. Plaintiff, Anthony Herron (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

10. Plaintiff is a resident of the State of Illinois.

11. Defendant, Dynamic Recovery Solutions ("Defendant"), is a Ohio business entity with an address of 135 Interstate Blvd, Greenville, South Carolina 29615, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

12. Unless otherwise stated herein, the term "Defendant" shall refer to Dynamic Recovery Solutions.

13. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## STANDING

14. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.
15. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

## ALLEGATIONS

16. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $454.95 (the "Debt") to an original creditor (the "Creditor")
17. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
18. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
19. On March 26, 2020, Defendant mailed Plaintiff a collection letter. See Exhibit A.
20. The letter claims that the original debt was incurred on October 18, 2012. See Exhibit
21. Specifically, the debt was a Hospital visit for EMPP/University Medical Center. See Exhibit
22. There was no written agreement for this debt, hence the statute of limitations on this debt was five years. See Exhibit
23. The letter states at the top that "[O]ur client, Pendrick Capital Partners, LLC, has purchased your account from EMPP/UNIVERSITY MEDICAL CENTER. We have been asked to contact you regarding your past due account. Our client has not received payment as of the date of this letter. Therefore, the account has been placed with our office for collection." See Exhibit.
24. Said letter uses the term "resolve" three times regarding this debt. See Exhibit.

25. The letter goes on to offer two possible settlement options which involve payment plans. See Exhibit.
26. Nowhere in the letter is there so much as any suggestion that this debt is beyond the statute of limitations for a lawsuit.
27. However, the letter, as highlighted in paragraphs 27-29, suggests that Plaintiff is still legally obliged to pay this debt.

**VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.**

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
29. The Defendants' conduct violated 15 U.S.C. Section 1692e in that the Defendant materially misled Plaintiff through this communication.
30. The Defendant's conduct violated 15 U.S.C. Section 1692e by failing to state that it was not legally able to sue on the debt.
31. The Defendant's conduct violated 15 U.S.C. Section 1692e by failing to state that any agreement to pay or a payment as little as one penny could remove the Plaintiff from the "safe zone" of being outside the statute of limitations.
32. Plaintiff is entitled to damages as a result of Defendant's violations.

**JURY DEMAND**

33. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

34. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, LLP
1305 Remington Rd., Ste. C

Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff